<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name:  12a0007n.06

**Nos.  10-5858/10-5859**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

*Jan 05, 2012*

LEONARD GREEN, Clerk

BRUCE  K.  SIDDLE  AND  SANDRA  K.
SIDDLE, individually and as trustees of the
Bruce K. Siddle and Sandra K. Siddle trusts,
dated  July  16,  2003,  and  PPCT
MANAGEMENT SYSTEMS, INC.,

      **Plaintiffs,**

**v.**

DOCTOR  R.  CRANTS,  JR.,  DOCTOR  R.
CRANTS, III, LINDA COOPER, GEORGE V.
CRAWFORD, III, LEE F. BOOTH, and ROY
W. OAKS,

      **Defendants.**

**ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE**

BRUCE  K.  SIDDLE  AND  SANDRA  K.
SIDDLE, individually and as trustees of the
Bruce K. Siddle and Sandra K. Siddle trusts,
dated  July  16,  2003,  and  PPCT
MANAGEMENT SYSTEMS, INC.,

      **Plaintiffs,**

**v.**

CONNECTGOV, INC., et al.,

      **Defendants.**

_____/

**BEFORE:**     **MERRITT, CLAY, and SUTTON, Circuit Judges**.

**PER CURIAM.**  In these cases consolidated for appeal, Plaintiffs Bruce K. Siddle, Sandra K. Siddle, individually and as trustees of the Bruce K. Siddle and Sandra K. Siddle Trusts, and PPCT Management Systems, Inc. ("PPCT"), appeal orders granting summary judgment in favor of Defendants in both actions.

These cases arise out of a business partnership gone awry.  In a 2001 joint venture, Plaintiff Bruce Siddle agreed to make PPCT, his security management training firm, a wholly-owned subsidiary of Homeland Security Corporation ("HSC"), a business owned by Defendant Doctor R. Crants, Jr.  The agreement aimed to allow HSC to compete for a large contract from the Transportation Security Agency.  In exchange, Siddle took a one-quarter ownership share of HSC and became a member of HSC's board of directors.  According to Plaintiffs, the venture soured when Siddle discovered that Crants and his son had carried out various forms of fraud between October 2001 and October 2006.

Amid disagreements among the parties and growing turmoil within HSC, the relevant parties, including the Siddles and the Crants, executed two agreements that led to Crants' departure from HSC.  The two agreements, including the April 2006 "Mutual Release and Settlement Agreement" and the October 2006 "Stock Purchase Agreement," contained clauses in which Siddle and related parties released Crants, HSC, and related parties from any and all claims.  After entering into both agreements, Siddle challenged their legal validity, giving rise to these suits.  Plaintiffs asserted several state-law claims and various claims under the Securities Exchange Act of 1934, § 10(b), 15

U.S.C. § 78j, 17 C.F.R. § 240.10b–5, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, providing the district court with jurisdiction. *See* 28 U.S.C. § 1331.

In opinions dated January 25, 2010, and June 22, 2010, the district court concluded that the agreements were valid and applied to all plaintiffs and defendants in these cases. *See Siddle v. Crants*, No. 3:09-0175, 2010 WL 424906 (M.D. Tenn. Jan. 25, 2010); *Siddle v. Crants*, Nos. 3:09-0175, 3:09-1137, 2010 WL 2570145 (M.D. Tenn. June 22, 2010). After hearing oral argument and thoroughly reviewing the record, the parties' briefs, and the applicable law, we determine that the two cases on appeal before us were correctly decided by the district court in the district court's well-written opinions and that a panel opinion of this Court would serve no jurisprudential purpose. We therefore adopt the reasoning of the district court and **AFFIRM** on the basis of the district court's well-reasoned opinions.

IT IS SO ORDERED.